# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD E. MARKS, | ) 1:06-cv-01695-OWW-TAG HC |
| Petitioner, | ) |
| v. | ) REPORT AND RECOMMENDATION TO ) DISMISS AND DENY PETITION FOR WRIT ) OF HABEAS CORPUS AND TO DENY ALL ) PENDING MOTIONS AS MOOT |
| JEFFREY A. WRIGLEY, Warden, | ) |
| Respondent. | ) (Docs. 1, 14, 15, 16, & 17) |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner filed the instant federal petition on November 22, 2006. (Doc. 1). The petition alleges that on November 21, 2002, Petitioner was convicted of a violation of 18 U.S.C. § 1956(h) (conspiracy to launder money), and also 18 U.S.C. § 1956(a)(3) (laundering of monetary instruments and aiding and abetting), in the United States District Court for the Eastern District of California, Sacramento Division. (Doc. 1, p. 1). Petitioner was sentenced to a prison term of eighty-one months. (Id.). Petitioner appealed his conviction to the United States Court of Appeals for the Ninth Circuit, which affirmed the conviction and sentence. (Id. at p. 2). Subsequently, Petitioner filed a motion in the sentencing court to vacate or void the judgment pursuant to Federal Rules of Civil Procedure Rule 60(b)(4). (Id.). Petitioner alleges that the District Court has never ruled on said motion. (Id.).

On September 25, 2005, Petitioner filed a motion in the sentencing court pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (Id. at p. 5). The District Court denied the motion on October 4, 2005. (Id.).

1

1  Petitioner now brings this habeas petition alleging the following grounds for relief:
2  (1) Petitioner's conviction was unconstitutional because, as a citizen of the "Sovereign Republic
3  of California," Petitioner was not "under the authority or obligation of the federal government
4  except for violations of the Constitution or laws of the United States"; (2) the prosecution failed
5  to present evidence that Petitioner "violated the Constitution or a law of the United States
6  pursuant thereof," because the United States Code under which Petitioner was convicted does not
7  apply to Petitioner since it is a "territorial 'Act of Congress'" inapplicable to citizens of the
8  sovereign states; and (3) the prosecution never provided evidence of "personal, legislative
9  (subject-matter) or territorial jurisdiction authority over petitioner," who is a "citizen of a
10 sovereign State of the Union." (Doc. 1, pp. 6-10). In conjunction with the petition, Petitioner
11 has filed a motion for discovery (Doc. 14), a request for identity and status determination (Doc.
12 15), a request for an evidentiary hearing (Doc. 16), and a Show Cause Motion "demanding" that
13 cause be shown why the petition has not already been ruled upon. (Doc. 17).
14  As indicated more fully below, the Court determines that Petitioner is challenging his
15 conviction, and therefore the claim should have been brought in the sentencing court as a motion
16 pursuant to 28 U.S.C. § 2255. However, additionally, even were this a proper habeas petition,
17 Petitioner's claims are entirely frivolous and, thus, this petition should be summarily denied on
18 the merits. Thus, the Court will recommend that the instant petition be both dismissed and
19 denied, and that the pending motions be dismissed as moot.

20 **REVIEW OF CLAIMS**

21  Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a
22 preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition
23 "[i]f it plainly appears from the face of the petition...that the petition is not entitled to relief."
24 Rule 4 of the Rules Governing 2254 Cases. Under 28 U.S.C. § 2243, it is the duty of the Court
25 to screen out frivolous applications and to eliminate the burden that would be placed on the
26 respondent by ordering an unnecessary answer. Allen v. Perini, 424 F.2d 134, 141 (6th Cir.
27 1970); see Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.
28 The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ

of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

Habeas corpus petitions must meet heightened pleading requirements. McFarland v. Scott, 512 U.S. 849, 856 (1994); Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990). The petitioner shall set forth in summary form the facts supporting each of the grounds specified and shall state the relief requested. Rule 4 of the Rules Governing Section 2254 Cases. A petition may be dismissed if the factual allegations are so palpably incredible or so patently frivolous or false as to warrant summary dismissal. Blackledge v. Allison, 431 U.S. 63, 78 (1977).

## DISCUSSION

### A. Petitioner Must Challenge His Conviction With Motion Under 18 U.S.C. § 2255.

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, only the sentencing court has jurisdiction. Tripati v. Henman, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati v. Henman, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-894 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-479 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-187 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1980).

In this case, Petitioner is clearly challenging the validity and constitutionality of his conviction rather than an error in the administration or execution of his sentence. Therefore, the

appropriate procedure would be to file a motion pursuant to § 2255, not a habeas petition pursuant to § 2241.  Although Petitioner has filed his petition on a form indicating it is pursuant to § 2241,  a petition contending Petitioner's sentence is invalid is still a § 2255 petition regardless of what Petitioner calls the petition.  See United States v. Brown, 610 F.2d at 677.

In rare situations, a federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if* he can show the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255).  Although there is little guidance from any court on when § 2255 is an inadequate or ineffective remedy, the Ninth Circuit has recognized that it is a very narrow exception. Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003); United States v. Pirro, 104 F.3d at 299; Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.);  Tripati v. Henman, 843 F.2d at 1162-1163 (9th Cir. 1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956).

The Ninth Circuit has also provided little guidance on what actually constitutes "inadequate and ineffective" in relation to the savings clause.  It has acknowledged that "[other] circuits, however, have held that § 2255 provides an "inadequate or ineffective" remedy (and thus that the petitioner may proceed under § 2241) when the petitioner claims to be: (1) factually innocent of the crime for which he has been convicted; and, (2) has never had an "unobstructed procedural shot" at presenting this claim." Ivy v. Pontesso, 328 F.3d at 1059-1060, citing Lorentsen v. Hood, 223 F.3d 950, 954 (9th Cir. 2000) (internal citations omitted).  The burden is on the petitioner to show that the remedy is inadequate or ineffective.  Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

In his petition, Petitioner has not alleged that § 2255 is inadequate and ineffective. Petitioner makes no claim that he is either factually innocent or that he has not has an "unobstructed procedural shot" at presenting his arguments in the District Court for the District of Eastern District of California. Rather, Petitioner contends that the District Court lacked

4

jurisdiction over him during the criminal proceedings based upon his status as a citizen of a sovereign state.  Although Petitioner has previously filed a motion under § 2255 that was denied in the trial court, as mentioned, the mere fact that a previous § 2255 motion was denied does not render § 2255 inadequate.  Aronson v. May, 85 S.Ct. at 5.  Hence, should Petitioner wish to pursue this claim in federal court, he must do so by way of a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1]  Since Petitioner is challenging his conviction and sentence,  the petition should be dismissed on the grounds that no relief under § 2241 can be afforded.

**B. Petitioner's Claims Are Frivolous.**

Even if the petition could be construed as challenging the execution of Petitioner's sentence rather than the conviction itself, the claims would have to be denied summarily as frivolous.  The gravamen of the petition is that the federal courts lacked jurisdiction over Petitioner in his criminal case because, as a citizen of the "Sovereign State of California," Petitioner was not subject to criminal prosecution for charges arising under the United States Code.  Petitioner's claims are frivolous.

It is beyond dispute that the United States District Court has original jurisdiction, exclusive of the courts of the States, over all offenses against the laws of the United States, including those in the United States Code.  18 U.S.C. § 3231.  In United States v. Tuuri, 26 F.3d 135 (9th Cir. 1994), 1994 WL 242125, *1, the Ninth Circuit rejected as frivolous a defendant's claim that the federal court lacked jurisdiction to require him to produce tax documents because he was not a citizen of the United States but rather a citizen only of the "California Republic." Other federal courts, considering similar claims of lack of jurisdiction regarding citizens of various "sovereign" states, have reached identical conclusions.  E.g., United States v. Lorenzo, 995 F.2d 1448 (9th Cir. 1993)(in tax evasion case, defendants' contention that, as citizens of the "Sovereign Kingdom of Hawaii," they were not subject to federal court's jurisdiction was

---

[1] A motion for reconsideration of sentence pursuant to § 2255 *must be filed in the court where petitioner was originally sentenced*.  In this case, Petitioner challenges a sentence adjudicated in the United States District Court for the Eastern District of California, Sacramento Division. Thus, the Sacramento Division of this court would be the proper venue for filing a motion pursuant to § 2255.

5

without merit); United States v. Rhoiney, 2002 WL 31987473, *3 (D.Kan. Dec. 17, 2002) (defendant's claim that the court lacked jurisdiction to prosecute him for narcotics offenses because he is a resident of the "sovereign" State of Kansas was frivolous); United States v. George, 127 F.3d 1107, 1997 WL 669900, *1 (9th Cir. Oct. 27, 1997)(defendant's claim of lack of jurisdiction to prosecute him for narcotics offenses because he is a citizen of the "Sovereign State of Oregon" was frivolous); United States v. Price, 798 F.2d 111, 112 (5th Cir. 1986)(in tax evasion case, defendant's claim of "special status" as citizen of Texas such that he was not subject to federal laws had "no legal merit").

Similarly, here, Petitioner's contention that he is outside the jurisdictional reach of both the federal courts and the laws of the United States, as codified in the United States Code, by virtue of being a citizen of the "sovereign" state of California, is entirely frivolous and without legal basis. Thus, on the merits, Petitioner's claims should be summarily denied.

Because the Court is recommending dismissal and denial of Petitioner's claims, the Court further recommends denial of all pending motions as moot.

## RECOMMENDATION

Accordingly, the Court RECOMMENDS as follows:

1. That the Petition for Writ of Habeas Corpus (Doc. 1), be DISMISSED because Petitioner's claim does not allege grounds that would entitle Petitioner to relief under 28 U.S.C. § 2241, and DENIED because his claims are frivolous; and

2. That Petitioner's pending motion for discovery (Doc. 14), request for identity and status (Doc. 15), request for evidentiary hearing (Doc. 16), and show cause motion (Doc. 17), all be DENIED as moot.

This Report and Recommendation is submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fifteen (15) days after being served with a copy of this Report and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Report and Recommendation." Replies

to the Objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the Objections.  The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Judge. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 18, 2007**               /s/ Theresa A. Goldner
                                                           UNITED STATES MAGISTRATE JUDGE