# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD E. MARKS, ) | 1:06-cv-01695-OWW-TAG HC |
| Petitioner, ) | |
| ) | ORDER DENYING CERTIFICATE OF |
| v. ) | APPEALABILITY |
| ) | |
| JEFFREY A. WRIGLEY, Warden, ) | |
| Respondent. ) | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner filed the instant federal petition on November 22, 2006. (Doc. 1). On May 18, 2007, the Magistrate Judge filed a Report and Recommendations which were served on all parties and which contained notice that any objections to the Report and Recommendations were to be filed within fifteen days. (Doc. 18). Petitioner filed objections on June 4, 2007. (Doc. 19). On June 7, 2007, the Court entered an order adopting the Magistrate Judge's Report and Recommendations and dismissing Petitioner's application for a writ of habeas corpus. (Doc. 20). Judgment was entered on June 7, 2007. (Doc. 21).

On June 18, 2007, Petitioner filed a notice of appeal of the district court's order. (Doc. 22). Although no express request was made for a certificate of appealability, the notice of appeal shall be deemed to constitute a request for a certificate. See United States v. Asrar, 108

1  F.3d 217, 218 (9th Cir. 1997); Fed. R.App. P. 22(b).  The requirement that a petitioner seek a
2  certificate of appealability is a gate-keeping mechanism that protects the Court of Appeals from
3  having to devote resources to frivolous issues, while at the same time affording petitioners an
4  opportunity to persuade the Court that, through full briefing and argument, the potential merit of
5  claims may appear.  Lambright v. Stewart, 220 F.3d 1022, 1025 (9th Cir. 2000).  However, a
6  state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district
7  court's denial of his petition, and an appeal is only allowed in certain circumstances.  Miller-El v.
8  Cockrell, 537 U.S. 322, 335-336 (2003).  The controlling statute, 28 U.S.C. § 2253, provides as
9  follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
>> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

19  Accordingly, final orders issued by a federal district court in habeas corpus proceedings
20  are reviewable by the circuit court of appeals, and, in order to have final orders reviewed, a
21  petitioner must obtain a certificate of appealability.  28 U.S.C. § 2253.  This Court will issue a
22  certificate of appealability when a petitioner makes a substantial showing of the denial of a
23  constitutional right.  28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner must
24  establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition
25  should have been resolved in a different manner or that the issues presented were 'adequate to
26  deserve encouragement to proceed further'."  Slack v. McDaniel, 529 U.S. 473, 484 (2000)
27  (*quoting* Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).
28  In the present case, the Court finds that Petitioner has not made the required substantial

1  showing of the denial of a constitutional right to justify the issuance of a certificate of
2  appealability.   Reasonable jurists would not find it debatable that Petitioner has not shown an
3  entitlement to federal habeas corpus relief.  Accordingly, the Court hereby ORDERS that
4  Petitioner's request for a certificate of appealability is DENIED.
5  IT IS SO ORDERED.

7  IT IS SO ORDERED.
8  **Dated:   June 20, 2007**                     /s/ Oliver W. Wanger
                                                  UNITED STATES DISTRICT JUDGE